Néstor I. Vincenty, peticionario y apelante, *v.* La Junta de Síndicos de la Universidad de Puerto Rico, compuesta por R. Martínez Nadal, F. Carro, J. Bird Arias, Isabel A. de Aguilar, Edmundo Colón, C. Ruiz Nazario y Mariano Abril, demandada y apelada.

No. 5529.—*Sometido:* Abril 19, 1932. *Resuelto:* Mayo 16, 1933.

*Samuel R. Quiñones,* abogado del peticionario; *Procurador General Charles E. Winter* y *Felipe Janer,* Subprocurador, abogados de la demandada.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

El 30 de septiembre de 1930, Néstor I. Vincenty inició este procedimiento de *mandamus* en la Corte de Distrito de San Juan contra la Junta de Síndicos de la Universidad de Puerto Rico a fin de que la corte ordenara a la Junta que restableciera "en el presupuesto anual de la Universidad de Puerto Rico, incluyéndola en el presupuesto correspondiente al año fiscal 1930 a 1931, la partida destinada a cubrir los gastos de la División de Investigaciones Técnicas, en la suma de $10,900, asignada por ley."

Los hechos en que se basa la solicitud, copiados textualmente de la misma, son así:

"Tercero:—Que por virtud de la resolución conjunta Núm. 57 aprobada en 12 de mayo de 1928 por la Asamblea Legislativa de Puerto Rico, se organizó en el Departamento de Instrucción Pública de Puerto Rico una División de Investigaciones Técnicas para dedicarse al estudio científico de problemas pedagógicos.

"Cuarto:—Que dicha División se organizó para continuar los trabajos que venía realizando la Oficina de Investigaciones Técnicas que con carácter provisional funcionaba en el Departamento de Instrucción Pública de Puerto Rico, costeada de los fondos de la Universidad de Puerto Rico según acuerdo de la Junta de Síndicos de este último organismo.

"Quinto:—Que desde la fundación de la División de Investigaciones Técnicas creada según se alega en el hecho tercero de esta petición, el peticionario ha venido desempeñando el cargo de Jefe de la División referida, por nombramiento que a su favor le fuera extendido por el Comisionado de Instrucción Pública de Puerto Rico, teniendo el peticionario interés profesional y oficial, como ciudadano, y como funcionario público, en tales investigaciones pedagógicas.

"Sexto:—Que la cantidad asignada para la organización de la División de Investigaciones Técnicas referida en el hecho tercero precedente ha de ser pagada, según se dispone en la resolución conjunta que la creó, de cualquier fondo existente en la Tesorería no destinado a otras atenciones o de los fondos de la Universidad de Puerto Rico según lo disponga la Junta de Síndicos de dicha Universidad.

"Séptimo:—Que en los años de 1928 y 1929 la Junta de Síndicos de la Universidad de Puerto Rico incluyó en su presupuesto anual la cantidad de $10,900, a que ascienden, según resulta de la Resolución Conjunta Núm. 57 aprobada por la Asamblea Legislativa de Puerto Rico en mayo de 1928, los gastos de la División de Investigaciones Técnicas dedicando dicha cantidad a la organización de la División referida.

"Octavo:—Que en el presupuesto correspondiente al año fiscal de 1930 a 1931 la Junta de Síndicos de la Universidad de Puerto Rico no incluyó la partida correspondiente a la División de Investigaciones Técnicas, en la suma de $10,900, antes alegada, a pesar de venir obligada dicha Junta a incluir en su presupuesto para el año fiscal mencionado la referida partida, como un deber impuéstole por ministerio de la ley, para cumplir el cual deber tenía y tiene la Junta demandada autoridad suficiente; habiéndose con ello excedido la Junta en su discreción, en caso de tenerla a ese respecto.

"Noveno:—Que para el año fiscal de 1930 a 1931 todos los fondos existentes en la Tesorería de Puerto Rico están destinados a cubrir los gastos del Gobierno sin que haya en la Tesorería de Puerto Rico cantidad alguna disponible para sufragar los gastos de la División de Investigaciones Técnicas; alegando este hecho el peticionario según información y creencia que estima ciertas.

"Décimo:—Que el peticionario recurrió a la Junta de Síndicos de la Universidad de Puerto Rico en solicitud de que por este organismo se reconsiderara el presupuesto de la Universidad de Puerto Rico correspondiente al año fiscal 1930 a 1931 en cuanto se dejó de incluir en dicho presupuesto la partida asignada para cubrir los gastos de la División de Investigaciones Técnicas, habiendo la dicha Junta de Síndicos en reunión celebrada al efecto, acordado ratificar el presupuesto antes aprobado sin incluir la partida correspondiente a la División de Investigaciones Técnicas.

"Décimo primero:—Que el peticionario ha requerido a la Junta de Síndicos de la Universidad de Puerto Rico para que restablezca en su presupuesto anual la partida asignada para los gastos de la División de Investigaciones Técnicas, habiéndose negado a ello dicha Junta."

Radicada la petición, la corte señaló día para oír a las partes sobre la procedencia del auto solicitado. En el día señalado compareció especialmente la Junta por escrito, por conducto del Procurador General, y alegó que de los hechos consignados en la solicitud no surgía la causa de acción ejercitada. El escrito forma parte de la transcripción con una advertencia al pie que dice: "No aparece nota de radicación."

El 31 de octubre de 1930, la corte declaró no haber lugar a la expedición del auto. Expuso sus motivos extensamente, haciendo constar en su resolución que ambas partes fueron oídas en relación con sus respectivas pretensiones.

No conforme el peticionario, apeló. Señala en su alegato la comisión de seis errores. Los tres primeros envuelven cuestiones de procedimiento. Los tres últimos la misma cuestión de fondo bajo varios aspectos.

■ Lo primero que surge al tratar de decidir en los actuales momentos este caso es si la cuestión suscitada ha llegado a ser académica por el transcurso del tiempo. Como hemos visto, la súplica específica de la petición es que se ordene a la Junta de Síndicos que incluya en su presupuesto correspondiente al año fiscal 1930–1931 la partida destinada a cubrir los gastos de la división de que se trata. Cuando

la vista del recurso se celebró ante este tribunal, ya dicho año fiscal había fenecido. La orden que pudiera dictarse en favor del peticionario si así procediera, resultaría sin valor práctico alguno.

Sin embargo, como se trata de la interpretación de una ley que no ha sido derogada y la cuestión podría suscitarse de nuevo y el caso ha sido debatido al parecer de buena fe, lo resolveremos por sus méritos.

 Las cuestiones de procedimiento que se levantan carecen de importancia. Basta un mero examen de la ley que autoriza el auto de *mandamus*—Comp. 1911, p. 289—y haber en consideración las facultades inherentes que tienen todos los jueces para poder cumplir bien y fielmente los deberes de su cargo, para concluir que la corte actuó correctamente en la tramitación del asunto y no cometió los tres primeros errores que le atribuye el apelante.

No puede admitirse como buena la afirmación del recurrente acerca de que presentada solicitud de *mandamus,* el juez está obligado a expedir siempre el auto condicional "aun cuando el derecho del peticionario no resulte claro de la solicitud." Si a virtud del examen de la solicitud el derecho del peticionario no resulta claro, lo que debe hacer el juez es rechazarla de plano.

 Tampoco está obligado el juez a actuar *ex-parte.* La propia ley, sección 6 de la misma, dice que "podrá ordenar que se dé vista de la solicitud a la parte contraria, o podrá librar una orden para que se expresen las causas por las cuales no deba dictarse, o podrá expedir el auto sin dar aviso alguno."

 Examinemos los errores de fondo. Todo el caso se reduce a decidir si se ha impuesto o no por ley a la junta demandada el deber ineludible de incluir en sus presupuestos anuales la cantidad necesaria para el sostenimiento de la división de que se trata.

El precepto legislativo que se invoca está contenido en la Resolución Conjunta No. 57 de 1928, Leyes de 1928, p. 845,

titulada: "Para organizar en el Departamento de Instrucción Pública de Puerto Rico una División de Investigaciones Técnicas que se dedicará al estudio científico de problemas pedagógicos, y para otros fines."

La parte dispositiva de la resolución es como sigue:

"Sección 1.—Se crea una División de Investigaci nes Técnicas que se dedicará al estudio científico de problemas : .gógicos, en el Departamento de Instrucción Pública de Puerto Rico.

"Sección 2.—El Comisionado de Instrucción Pública nombrará los oficiales correspondientes a esta División.

"Sección 3.—El jefe de la División habrá de ser un experto en materias de pedagogía científica, que haya aprobado todos los cursos de post-graduados correspondientes al grado de Doctor en Educación o su equivalente, en alguna universidad reconocida.

"Sección 4.—La cantidad asignada para la organización de esta División será pagada de cualquier fondo existente en Tesorería no destinados a otras atenciones o de los fondos de la Universidad de Puerto Rico, según lo dispusiere la Junta de Síndicos de dicha Universidad.

"Sección 5.—El personal de esta División estará compuesto de los siguientes oficiales empleados:

"Un Jefe de la División_____ $4, 000
"Un revisor de exámenes psicométricos y analista de estadísticas pedagógicas _____ 2, 400
"Un Secretario-estenógrafo _____ 1, 500
"Para gastos de investigaciones técnicas_____ 3, 000

"En junto_____ $10, 900"

Si se estudian todas las secciones en conjunto se verá que en ninguna de ellas el legislador hizo especialmente la asignación que requiere el estatuto. "No se pagará dinero alguno del Tesoro a no ser en virtud de una asignación hecha por ley, y mediante libramiento expedido por el funcionario correspondiente de acuerdo con dicha ley", ordena el Acta Orgánica en uno de los párrafos de su artículo segundo. La sección cuarta de la Resolución expresa que "la cantidad asignada *para la organización* . . . será pagada . . ." y la quinta fija el personal de que se compone la División y sus sueldos. Eso es todo. Y hay que reconocer que no es bien claro.

Pero interpretando la ley con el propósito de darle efectividad y aceptando que *organización* quiere decir funcionamiento año tras año mientras la ley esté en vigor ¿pueden interpretarse las palabras "según lo dispusiere la Junta de Síndicos de dicha Universidad" con que finaliza la sección 4 en el sentido de imponer a la Junta de Síndicos la obligación de determinar cómo deben satisfacerse los gastos de la división, si de los fondos generales del Tesoro no designados para otras atenciones o de sus propios fondos?

A nuestro juicio no puede. Sería ir en contra de la buena práctica administrativa y de la misma Ley Orgánica el conceder autoridad semejante. Es la Legislatura la que tiene ese poder y debe ejercitarlo directamente. Es ella la que provee los ingresos y fija los gastos. Pero admitiendo que pudiera, entonces cabe la conclusión de que al negarse a incluir en su presupuesto la cantidad necesaria para satisfacer los gastos de la división, decidió la Junta que dichos gastos fueran satisfechos de los fondos generales del Tesoro no designados para otras atenciones, cumpliendo de tal modo con el deber impuéstole por la ley.

No siendo la indicada la interpretación correcta y aceptando que fuere suficiente la alegación que contiene la solicitud con respecto a la no existencia de fondos generales en el Tesoro para prescindir por completo de ese medio de pago ¿puede interpretarse la ley en el sentido de que en tal caso constituye el deber ineludible de la Junta pagar ella los gastos?

Los términos en que está redactada la propia ley, la historia del asunto según se desprende de los hechos alegados por el peticionario en su solicitud y de los *por cuantos* de la resolución conjunta, y la naturaleza de los propios organismos envueltos—Universidad y Departamento de Educación—y su manera de funcionar de acuerdo con las leyes creadoras de los mismos, imponen una respuesta negativa.

Parece que a virtud de recomendaciones de peso y de su propia experiencia el Departamento de Instrucción de Puerto

Rico consideró conveniente la creación en su seno de una División de Investigaciones Técnicas. La Universidad opinó de igual modo y contando con los recursos materiales con que en ese momento no contaba el departamento los puso a su disposición para que actuara sin demora.

No era eso lo normal. El Departamento de Instrucción al igual que los otros de que se compone el Poder Ejecutivo de la Isla, se sostiene a virtud de asignaciones directas consignadas en el preupuesto general que anualmente aprueba la Legislatura. La Universidad es una institución oficial que tiene fuentes de ingreso especiales acordadas por la ley. Se rige por un estatuto especial y está gobernada por una Junta de Síndicos investida de amplios poderes para dirigir y llevar a la práctica dentro de sí misma aquella parte de la obra educativa del gobierno propia de los centros universitarios. El asunto de la División de Investigaciones Técnicas se consideró de suficiente importancia para llevarlo a la Legislatura. Ésta le dió su sanción y asignó en la forma que conocemos la suma necesaria para su sostenimiento de cualquiera de los fondos del Tesoro no destinados a otras atenciones, pero conocedora de la actitud que había asumido la Universidad en el pasado, la autorizó para que pudiera seguir auxiliando al Departamento de Instrucción si lo estimare conveniente.

A nuestro juicio es ésa la justa interpretación de las palabras finales de la sección cuarta. No se concibe que la Legislatura que por ley dejó en manos de la junta la dirección de su propia obra educativa y la distribución de sus fondos para mejor desarrollarla, fuera a imponerle de modo ineludible y para siempre el deber de sostener una actividad que no se realiza dentro de ella sino en otro Departamento del Gobierno que funciona con entera independencia.

*Las expuestas son algunas de las razones que existen para declarar sin lugar el recurso y confirmar la sentencia recurrida.*

El Juez Asociado Señor Wolf disintió.*

---

* NOTA: Véase el prefacio.