J. F. MAURA, demandante y apelado, *v.* RAFAEL SANCHO BONET, DR. E. GARRIDO MORALES, JOSÉ G. LÓPEZ, HERMAN AGOSTINI y JUAN B. HUYKE, como miembros de la JUNTA DE PENSIONES DE LOS EMPLEADOS DEL GOBIERNO INSULAR y E. RODRÍGUEZ SUÁREZ, en su carácter de TESORERO DE LA UNIVERSIDAD DE PUERTO RICO, demandados y apelantes.

No. 7211.—*Sometido:* Abril 2, 1936. *Resuelto:* Abril 29, 1936.

*Hon. Procurador General B. Fernández García y T. Torres Pérez, Subprocurador, abogados de los apelantes; Wilson P. Colberg, abogado del apelado.*

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

Los hechos esenciales del presente caso son los siguientes:

El demandante apelado es en la actualidad, y ha sido desde septiembre 1 de 1922, *Registrar* de la Universidad de Puerto Rico, en virtud de un contrato celebrado entre él y la Junta de Síndicos de la Universidad, por el término de un año; y ese contrato ha venido renovándose de año en año, desde la fecha de expiración del contrato inicial.

Desde el mes de julio de 1927, el Tesorero de la Universidad de Puerto Rico, que es uno de los demandados, obedeciendo instrucciones de la Junta de Pensiones de los Empleados del Gobierno Insular, ha venido deduciendo al demandante, de su sueldo como *Registrar* de la Universidad, las cantidades determinadas por la Ley núm. 104 de septiembre 2 de 1925 (pág. 949), en virtud de la cual se ha establecido el fondo para el retiro de los *funcionarios permanentes del Gobierno de Puerto Rico.* Las deducciones hechas al demandante por el tesorero universitario son las mismas que la ley autoriza hacer a aquellos empleados insulares acogidos al Fondo de Retiro y Pensiones creado por la citada ley.

Alega el *Registrar* demandante que él, como tal *Registrar* de la Universidad de Puerto Rico, no está obligado a con-

tribuir con cantidad alguna, como parte de su sueldo, al citado fondo de retiro; y que los demandados no están autorizados para hacerle las deducciones que han venido haciéndole, por los motivos siguientes:

1. Porque el demandante, como *Registrar* de la Universidad de Puerto Rico, no está incluído ni en el Servicio Clasificado ni en el no clasificado, de acuerdo con las disposiciones de la Ley de Servicio Civil de Puerto Rico (Ley Núm. 88 de marzo 11, 1931).

2. Porque el demandante, como tal *Registrar,* no desempeña sus funciones con carácter *permanente,* según lo requiere la sección 1a. de la ley creadora del fondo de retiro y pensiones, o sea la ya citada Ley núm. 104 de 2 de septiembre de 1925.

3. Porque el demandante no es un empleado del Pueblo de Puerto Rico, según lo requiere la ley del fondo de pensiones, y sí un empleado de carácter contractual (*contractual employee*) de la Universidad.

Arguyen los demandados y apelantes, que el *Registrar* de la Universidad es un empleado permanente del Gobierno de Puerto.Rico e incluído dentro del Servicio Civil Clasificado; y que por lo tanto está obligado por las leyes vigentes a contribuir, con las correspondientes deducciones de su sueldo, al fondo de pensiones.

Acogiéndose a las disposiciones de la Ley núm. 47 de abril 25 de 1931 (pág. 379) sobre sentencias y decretos declaratorios, el demandante acudió a la Corte de Distrito de San Juan, en demanda de una sentencia en la que se declare que el *Registrar* de la Universidad de Puerto Rico no está obligado a seguir contribuyendo al fondo de pensiones, y que todas las deducciones que se le han hecho hasta la fecha de la demanda son ilegales.

Anexa a su petición el *Registrar* presentó una comunicación que le fué dirigida por el Canciller de la Universidad, informándole que en mayo 25 de 1935 la Junta de Síndicos había confirmado su nombramiento para la plaza de Registrador con haber anual de $3,000 durante el ejercicio fiscal de 1935-36; que el nombramiento está sujeto a las limitaciones prescritas en el Reglamento de la Universidad de

Puerto Rico y de su Junta de Síndicos; y que si es de su conformidad la designación en las condiciones estipuladas, se sirva llenar y firmar la aceptación adjunta a la comunicación del Canciller.

La corte de distrito dictó sentencia de acuerdo con la súplica de la demanda, y los demandados recurren ante esta corte en apelación.

La sección 2 de la Ley núm. 23 de 1935 (pág. 127), aprobada en la segunda sesión extraordinaria de ese año, la que derogó la Ley núm. 104 de septiembre 2 de 1925, dispone (bastardillas nuestras):

"Sección 2.—Por la presente se establece el retiro *de los funcionarios y empleados permanentes del Gobierno Insular de Puerto Rico.* Esta ley comprenderá a todos los funcionarios y empleados en el Servicio Civil Clasificado y no clasificado del Gobierno Insular de Puerto Rico, con excepción de los Jueces del Tribunal Supremo, los catedráticos de la Universidad, los profesores de instrucción pública, los miembros de la Policía Insular y los empleados municipales."

El texto de la sección que acabamos de transcribir es idéntico al de la sección 1ª. de la ley derogada.

Es tan clara la disposición legal transcrita, que no necesita interpretación judicial. El fondo de retiro se establece para beneficio de toda persona que fuere un funcionario o empleado permanente del Gobierno Insular de Puerto Rico y que estuviere incluído en el servicio clasificado o en el servicio no clasificado del Servicio Civil de dicho Gobierno; y todo funcionario o empleado que responda a esa descripción, y que tenga por tanto derecho a disfrutar de los beneficios del fondo, queda igualmente comprendido dentro de las disposiciones de la ley para cumplir sus obligaciones y especialmente la de contribuir a la creación y nutrición del fondo de pensiones, con las deducciones autorizadas por la sección 13 de la Ley núm. 23 de 1935, supra.

Una sola cuestión presenta este caso a nuestra decisión: ¿Es o no es el *Registrar* de la Universidad de Puerto Rico un funcionario o empleado permanente del Go-

bierno Insular de Puerto Rico incluído dentro del servicio clasificado o no clasificado del Servicio Civil de dicho Gobierno?

La Ley de Servicio Civil de Puerto Rico (Ley núm. 88 de 1931, pág. 535) divide el Servicio Civil insular en dos clases: servicio clasificado y servicio no clasificado.

La sección 4 de la ley incluye en el servicio *no clasificado* a los siguientes funcionarios: los nombrados por el Presidente de los Estados Unidos o por el Gobernador; los elegidos por voto popular; aquéllos cuyos nombramientos son confirmados por el Senado; los empleados de la Legislatura; el secretario del Gobernador y los secretarios de los jefes de departamentos; no más de dos jefes auxiliares en cada departamento ejecutivo; los que no tengan remuneración que exceda de $300 anuales; los funcionarios judiciales; no más de un taquígrafo o escribiente para cada juez de corte de récord y para cada fiscal de distrito.

Dispone la sección 5 de la misma ley, que el *Servicio Clasificado* comprenderá *todos los funcionarios o empleados del Gobierno Insular de Puerto Rico* no específicamente comprendidos en la sección 4.

Veamos ahora si el cargo que ocupa el demandante está o no comprendido dentro de una u otra rama del Servicio Civil de Puerto Rico.

Es evidente que el ya mencionado cargo no está comprendido dentro del servicio *no clasificado*.

Dos son las condiciones que fija la sección 5 de la Ley de Servicio Civil, para que un empleado o funcionario quede automáticamente comprendido dentro del *Servicio Clasificado*:

(*a*) Ser funcionrio o empleado del Gobierno Insular de Puerto Rico.

(*b*) No estar comprendido dentro del servicio no clasificado.

Las palabras que vamos a transcribir a continuación, y que fueron escritas por el inmortal Juez Presidente Marshall, nos ayudarán a determinar si el *Registrar* de la Universidad

es un "funcionario" o si es simplemente un "empleado contractual":

"Ciertamente, un hombre puede ser empleado mediante un contrato, expreso o tácito, para ejecutar un acto, o prestar un servicio, sin convertirse por ello en un funcionaio. Pero si el deber es continuo y está definido por reglas prescritas *por el gobierno, y no por un contrato*, y es un deber para el cumplimiento del cual un individuo es nombrado por el gobierno, y ese individuo entra a cumplir los deberes inherentes a su cargo, sin un contrato que defina dichos deberes . . . . parece muy difícil establecer diferencias entre tal cargo o empleo, y un *puesto (office)*, o entre la persona que desempeña los deberes, y un *funcionario (officer)*. (Bastardillas nuestras.) *United State* v. *Maurice*, 26 Fed. Cases, págs. 1211, 1224, núm. 15,747.

Los elementos esenciales de un cargo o puesto público (*office*) han sido expresados así:

"El término *(office)* se refiere a un cargo público permanente, que ha de ser desempeñado en representación del Gobierno, y no a una función meramente transitoria o a un empleo ocasional o incidental; . . . Sus deberes son continuos por naturaleza; y están definidos por reglas prescritas por el Gobierno, y no por contrato. Por consiguiente, cuando la autoridad en cuestión ha sido conferida por un contrato, debe ser considerado como un empleo y no como un cargo público *(public office)*." Mechem on Public Officers, secciones 1 a 9.

Admitido el hecho de que el *Registrar* de la Universidad presta servicios a dicha institución en virtud de un contrato, que fija el término de un año para su duración, y que provee que el nombramiento se hace sujeto a las condiciones prescritas en el Reglamento de la Universidad y de la Junta de Síndicos, entre las que figura la de que dicha junta podrá separar de su puesto a cualquier empleado de la institución cuando a su juicio la conveniencia de la misma así lo requiera, nos vemos obligados a resolver, de acuerdo con la jurisprudencia citada, que el *Registrar* de la Universidad de Puerto Rico es un *empleado* contractual y no un funcionario público.

Para que un *empleado* quede incluído dentro del Servicio Civil Clasificado, se necesita, como ya lo hemos dicho anterior-

mente, que sea un empleado del Gobierno Insular de Puerto Rico y que no esté incluído en el servicio no clasificado. Y para que ese empleado pueda gozar de los beneficios de la ley de pensiones y estar sujeto a sus obligaciones, su empleo debe ser de carácter permanente.

Veamos primero si el *Registrar* demandante es *un empleado permanente* del Gobierno Insular de Puerto Rico.

La Legislatura de Puerto Rico aprobó, en 21 de julio de 1925, la Ley núm. 50 (pág. 283), intitulada "Ley sobre la reorganización de la Universidad."

Por virtud de dicha ley, la Junta de Síndicos quedó constituída como una corporación denominada "La Universidad de Puerto Rico", con todas las facultades y derechos usualmente concedidos por la ley a las entidades corporativas. El gobierno de la Universidad reside en la Junta de Síndicos, a la cual se le concede, entre otras, las siguientes facultades:

"Sección 7.—La Junta de Síndicos establecerá el puesto y fijará el sueldo y los emolumentos del Director Ejecutivo (Canciller) de la Universidad, de los directores de departamentos, catedráticos, profesores, instructores y otros oficiales y empleados;"

La sección 8 de la citada ley concede facultades al Canciller para hacer los nombramientos de oficiales y empleados para todos los puestos establecidos por la Junta de Síndicos, y dispone expresamente que los nombramientos hechos por el Canciller estarán sujetos a la aprobación de la Junta de Síndicos, y que *dicha junta tendrá poder para separar de su puesto a cualquier empleado de la institución cuando a su juicio la conveniencia de la misma así lo requiera.*

El propósito claro y evidente de la Ley sobre la Reorganización de la Universidad de Puerto Rico, fué el de transformar dicha institución en una entidad jurídica enteramente distinta y separada de la entidad "Gobierno Insular de Puerto Rico," con amplia autonomía para poder funcionar libremente bajo las reglas y restricciones que a sus funcionarios y empleados impusiere la Junta de Síndicos y sin

sujetarse en manera alguna a las disposiciones de la Ley de Servicio Civil en cuanto a nombramiento y remoción de empleados. Véase *Vincenty* v. *Junta de Síndicos,* 45 D.P.R. 99.

Tiene la Universidad de Puerto Rico, entre otras muchas, la facultad de celebrar contratos; y haciendo uso de esa facultad, la Junta de Síndicos ha dispuesto que los empleos por ella establecidos deberán ser cubiertos mediante contratos por término de un año, en los cuales el empleado acepta el nombramiento sujeto a las disposiciones legales que proveen que la Junta de Síndicos tendrá poder para separarlo de su empleo cuando a su juicio la conveniencia de la Universidad así lo requiera. (Secciones 2, 7 y 8, Ley núm. 50 de 1925.) Bajo esas condiciones se hizo el nombramiento del *Registrar* demandante. El Gobierno Insular de Puerto Rico no es parte en el contrato de servicios celebrado entre el *Registrar* y la Junta de Síndicos. Las relaciones entre dichas partes deben regirse por los términos del contrato. Y la Ley de Servicio Civil no puede extender su brazo protector más allá de los límites que en ella misma se señalan.

Ni el empleo de *Registrar,* ni el término de duración de dicho empleo están fijados por ley alguna de la Legislatura de Puerto Rico. No puede decirse que el Registrar al ser nombrado bajo las condiciones descritas, adquiere un derecho sobre el cargo (*tenure of office*).

En *State ex rel. Sittler* v. *Board of Education,* 49 L.R.A. (N. S.) 62, la demandante, que había sido empleada mediante contrato que disponía que la junta podía removerla en cualquier momento, con treinta días de aviso, si su conducta no fuera satisfactoria, fué separada del cargo. La corte dijo:

"No se ha señalado disposición alguna de nuestros estatutos que pueda autorizarnos a decidir que un profesor de las escuelas públicas tiene una posesión de su cargo (*tenure of office*) distinta a la que le confiere el contrato celebrado por él con las autoridades escolares. No habiendo una disposición mandatoria de la ley, no conocemos razón alguna para que impongamos a las autoridades escolares restric-

ciones en cuanto a la forma de los contratos que ellas celebran con los maestros o en cuanto a sus poderes de remoción. Faltando esas disposiciones legales mandatorias, la facultad de emplear incluye el poder para remover. Véanse: 25 Am. & Eng. Enc. Law, 2d Ed. 19; People ex Rel. Gilmour v. Hyde, 89 N. Y. 11; Wallace v. School District, 50 Neb. 171, 69 N. W. 772; Loehr v. Board of Education, 12 Cal. App. 671, 108 Pac. 327; Harby v. Board of Education, 2 Cal. App. 418, 83 Pac. 1082. Esto es así especialmente cuando el poder se ha reservado específicamente en el contrato, como en este caso''

La posición legal que ocupa el *Registrar* de la Universidad de Puerto Rico es idéntica a la de la demandante en *Sittler* v. *Board of Education,* supra. No existe ley alguna que cree el puesto de *Registrar* ni que fije término para la duración del empleo. El término ha sido fijado por contrato. Y en ese contrato el *Registrar* hace constar que acepta el cargo con sujeción a las leyes y reglamentos que otorgan facultad a la Junta de Síndicos para separarlo de su empleo ''cuando a su juicio la conveniencia de la misma así lo requiera.''

Los hechos no controvertidos del caso de autos y las leyes y jurisprudencia a ellos aplicables, nos obligan a llegar a la conclusión de que el *Registrar* de la Universidad de Puerto Rico no es ni un funcionario ni un empleado permanente del Gobierno Insular de Puerto Rico; que no está comprendido dentro de ninguno de los dos servicios en que se divide el Servicio Civil, ni sujeto a las disposiciones de la Ley de Servicio Civil; y que el demandante es solamente un empleado contractual (*contractual employee*) de la Junta de Síndicos de la Universidad, sujeto a remoción a voluntad de dicha Junta.

El demandante no está obligado a contribuir con parte de su sueldo al mantenimiento del fondo de pensiones de los empleados del Gobierno Insular; y por tanto, los demandados deben abstenerse de continuar haciéndole deducciones de sus salarios para el indicado fin.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Señor del Toro no intervino.