JULIO OLIVIERI MONSANTO, demandante y apelante, *v.* JUNTA DE RETIRO DE FUNCIONARIOS Y EMPLEADOS PERMANENTES DEL GOBIERNO INSULAR DE PUERTO RICO, demandada y apelada.

Núm. 7027.—*Sometido:* Enero 19, 1937. *Resuelto:* Febrero 5, 1937.

*Pascasio Fajardo Martínez,* abogado del apelante; *Hon. Procurador General B. Fernández García* y *Emilio de Aldrey, Subprocurador,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Julio Olivieri pidió a la Corte de Distrito de San Juan que, mediante un auto de *mandamus,* ordenara a la Junta de Retiro de los Funcionarios y Empleados Permanentes del Gobierno Insular, que le concediera el retiro y pensión que de ella solicitara, inclusive el pago de las pensiones atrasadas a partir del mes de febrero de 1929 en que expiró la segunda licencia que por enfermedad se le otorgara.

El caso se trasladó a la Corte de Distrito de Mayagüez, se tramitó en dicha corte de acuerdo con la ley y se resolvió finalmente por la misma en contra del peticionario.

La opinión emitida por la corte para basar su sentencia, es como sigue:

"Los hechos en controversia respecto a este caso están contenidos en la estipulación de las partes y que consta en récord, siendo la principal cuestión a resolver si la solicitud de retiro se presentó o no en tiempo hábil de acuerdo con la Ley núm. 104 de 1925, sobre retiro de los funcionarios y empleados del Gobierno Insular.

"La Corte, después de detenido estudio de la prueba aportada en el juicio, de la ley y la jurisprudencia, ha llegado a la conclusión de que la solicitud de retiro fué radicada por el peticionario ante la Junta de Pensiones unos nueve meses después de haber cesado en el servicio activo del Gobierno Insular, no habiéndose probado que el peticionario tuviere excusa legal para no haberlo hecho en tiempo oportuno."

No conforme el peticionario, apeló. Sostiene que la corte sentenciadora erró al reconocer facultades a la junta demandada para reconsiderar su resolución anterior concediéndole el retiro y la pensión sin darle audiencia, al decidir que el fundamento de la última resolución de la junta era correcto y en todo caso al resolver que no existió excusa legal por parte del peticionario para presentar su solicitud en el tiempo en que lo hizo.

■■ Muestran los autos que el peticionario era un guardia de cárceles del Gobierno Insular a quien se concedió un mes de licencia con sueldo por razón de enfermedad, concediéndosele otro sin sueldo por la misma causa. Expiró la licencia. Pasaron varios meses y al cabo de ellos, encontrándose el peticionario fuera ya del servicio, se dirigió a la junta demandada solicitando retiro y pensión. La junta ordenó su examen físico y declaró su solicitud con lugar, pero reconsideró su resolución declarando sin lugar la solicitud por entender que el peticionario carecía de derecho al retiro por haberlo solicitado después de haber cesado en sus funciones como empleado del Gobierno Insular.

Bajo las circunstancias concurrentes creemos que la junta estaba facultada para reconsiderar su resolución inmediata-

mente después de haberse dado cuenta de que había actuado sobre una base falsa.

Nada se nos ha citado ni hemos podido encontrar en la ley o en la jurisprudencia que sea contrario a la facultad de reconsiderar en un caso semejante. Ningún derecho llegó a crearse bajo la primera resolución. Y la circunstancia de que la ley expresamente disponga que la junta podrá exigir a cualquier pensionado retirado que sea examinado de nuevo para cerciorarse de si continúa o no incapacitado y en caso negativo ordenar el cese de la pensión, no quiere decir que sea ése el único caso en que la junta pueda volver sobre su acuerdo. Si queda convencida de haber actuado en contra de la ley en algo fundamental, dentro por supuesto de un período de tiempo razonable y cuando su actuación no implique la negación de derechos que hayan podido ser legítimamente adquiridos, puede, como en este caso, reconsiderar su resolución.

No fué, pues, cometido el primero de los errores señalados. Tampoco el segundo. Hemos examinado las disposiciones de la ley sobre la materia que se invocan—Ley núm. 104 de 1925, leyes de 1925, pág. 949, secciones 3 y 6—y a nuestro juicio la interpretación lógica de esos preceptos es la de que sólo cabe la solicitud de retiro cuando el empleado se encuentra en servicio activo, debiendo interpretarse que en casos de incapacidad física el empleado continúa en dicho servicio mientras sea mantenido como tal.

Resta sólo considerar el tercero y último de los errores señalados. Alegó el peticionario en su solicitud que el hecho de haber dejado de pedir su retiro mientras se encontraba aún dentro del servicio, se debió a la propia enfermedad que padecía que obscureció por completo sus facultades mentales. Aportó evidencia sobre su alegación en el juicio, y fué juzgándola que la corte sentenciadora decidió que no hubo prueba suficiente de la excusa.

Hemos examinado por nosotros mismos la evidencia, hemos tomado en consideración los argumentos del apelante

en su alegato y no estamos convencidos de que la apreciación de la corte fuera errónea. Es más, encontramos que uno de los testigos del propio peticionario impugna su teoría porque si es cierto que Olivieri llamó en tiempo al testigo Arroyo encontrándose grave para pedirle que gestionara su pensión lo que seguidamente hizo el testigo, habiéndose extraviado la solicitud en manos del Alcaide de la Cárcel de Mayagüez, entonces la enfermedad de que padecía no era de tal naturaleza que le privara de pensar en y actuar sobre la pensión.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.