MARTÍN J. TRAVIESO, peticionario y apelado, *v.* JUNTA DE RETIRO DE FUNCIONARIOS Y EMPLEADOS PERMANENTES DEL GOBIERNO INSULAR, compuesta de R. SANCHO BONET, Presidente; E. GARRIDO MORALES, Vice-Presidente; GERMÁN AGOSTINI, Secretario; JOSÉ G. LÓPEZ y JUAN B. HUYKE, vocales; LESLIE A. MACLEOD, AUDITOR DE PUERTO RICO y RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandados y apelantes.

Núm. 7630.—*Sometido:* Marzo 16, 1938. *Resuelto:* Marzo 31, 1938.

*Miguel A. Muñoz*, abogado de los apelantes; *C. Iriarte, F. Fernández Cuyar* y *H. González Blanes*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La cuestión fundamental que está ante nos en este caso ha sido cubierta, a nuestro juicio, por la decisión emitida en el caso de *Fernández Toste* v. *MacLeod et al.* ante pág. 899). En este último caso se resolvió que el derecho de un pensionado que se había jubilado de conformidad con la Ley núm. 104 de 1925 (Leyes de ese año, pág. 949), según fué posteriormente enmendada, era un derecho adquirido y que por tanto no podía ser afectado por la sección 11 de la Ley núm. 23 de 1935 (Sesión Extraordinaria, págs. 127, 139) que trataba de reducir su pensión. Se declaró que la sección 11, supra, era inconstitucional.

Este caso difiere del mencionado más arriba en el hecho de que al pensionado, Martín J. Travieso, quien se había jubilado bajo circunstancias similares, se le pidió, más de dos años después de haber estado disfrutando de su pensión anual, que llenara y radicara ante la Junta de Retiro, bajo juramento, una cuenta detallada de sus ingresos, no importa de la fuente que procedieran. Se le informó que hasta que no hiciera esto, su pensión sería suspendida. Toda vez que el pensionado no cumplió con esta solicitud, la pensión le fué más tarde retirada por la Junta de Pensiones, la que se basó en la sección 19 de la Ley núm. 23 de 1935, supra. La parte pertinente de esta sección lee así:

"Toda persona jubilada cesará en el goce de su retiro mientras ocupe cualquier cargo con sueldo derivado de cualquier fuente de gobierno, fuere ésta federal, insular o municipal o cuando sus ingresos de cualquier fuente fueren iguales o mayores al sueldo que disfrutaba cuando fué pensionada. . . ." (Pág. 145.)

En enero 31 de 1937, o sea como año y medio después de habérsele privado del privilegio de su pensión, Martín J.

Travieso radicó un *mandamus* contra la "Junta de Retiro" y sus directores individuales en su carácter oficial, para recobrar las sumas que había dejado de percibir. La corte inferior dictó sentencia a su favor.

■■ En apelación, la Junta de Retiro ha señalado cuatro errores. Los tres primeros envuelven la determinación de si el derecho del apelado a recibir su pensión luego de haberse jubilado es un derecho adquirido. El señalamiento restante suscita la cuestión de si el pensionado incurrió en demora inusitada (*laches*).

Resolvemos que la primera de las cuestiones arriba enunciadas ha sido plenamente contestada por la decisión de este tribunal, ya expresada. De acuerdo con los principios enunciados en dicha decisión, si la parte transcrita de la indicada sección 19 de la Ley núm. 23 de 1935, supra, fuera aplicable a personas que como el peticionario se habían jubilado antes de empezar a regir dicha ley, ésta resultaría inconstitucional.

■■ Existe, quizá, una razón adicional en este caso específico para que confirmemos la sentencia de la corte inferior. Nos parece que la Junta de Retiro no tenía autoridad para exigir al peticionario que rindiera una cuenta detallada de sus ingresos, y en su consecuencia, que éste no estaba en la obligación de radicar la misma. Asumiendo que la sección 19, supra, sea constitucional, dudamos que la junta tenga derecho, simplemente porque un pensionado ha dejado de radicar tal cuenta, a asumir que sus ingresos por otros conceptos sean iguales o excedan al sueldo que disfrutaba cuando fué pensionado. Somos de opinión que de conformidad con la sección 19, supra, incumbe a la Junta de Retiro demostrar que el pensionado no tiene derecho a continuar en el disfrute de su pensión. Creemos a ese respecto que la junta no estuvo justificada en adoptar la acción sumaria que adoptó.

Convenimos enteramente con la resolución y razonamiento de la corte inferior en que la demora habida en este caso no fué inusitada (*laches*).

*La sentencia de la Corte de Distrito de San Juan debe, por tanto, ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.