CHARLES MINOT GRIFFITH, demandante y apelante, *v.* JUNTA DE RETIRO, compuesta por RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, y PRESIDENTE, y a éste en su carácter de tal Tesorero; DR. E. GARRIDO MORALES, JOSÉ G. LÓPEZ, GERMÁN AGOSTINI y JUAN B. HUYKE; y LESLIE A. MAC-LEOD, en su carácter de AUDITOR INSULAR, demandados y apelados.

Núm. 7569.—*Sometido:* Marzo 16, 1938.   *Resuelto:* Julio 13, 1938.

*Wilson P. Colberg*, abogado del apelante; *Hon. Procurador General B. Fernández García, Jesús A. González* y *Enrique Córdova Díaz, Procurador* y *Subprocurador Generales Auxiliares*, respectivamente, abogados del Auditor de Puerto Rico, apelado; y *Miguel A. Muñoz*, abogado de la Junta apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Charles Minot Griffith, Tesorero que fué de la Universidad de Puerto Rico, pidió a la Corte de Distrito de San Juan que expidiera un auto de *mandamus* contra los miembros de la Junta de Retiro de los Funcionarios y Empleados Permanentes del Gobierno Insular y contra el Auditor y el Tesorero de la Isla, ordenándoles el pago de sus pensiones como funcionario retirado que, a partir de junio 30, 1936, se habían negado a verificar.

Alegó sustancialmente en su demanda que en enero 27, 1928, recibió un certificado de la Junta de Retiro que transcribe íntegramente y que en lo pertinente dice:

". . . Por el presente se certifica: Que de acuerdo con la Ley núm. 104 de la Asamblea Legislativa de Puerto Rico aprobada el 2 de septiembre de 1925, Charles M. Griffith, quien estuvo empleado como Tesorero en la Universidad de Puerto Rico, tiene derecho a una pensión, la que le ha sido concedida, con renta vitalicia de Mil Cuatrocientos Treinta y Nueve y 90/100 dólares, pagaderos mensualmente, comenzando desde el día 1 de febrero de 1928. . . . . ''

Que dicho certificado le fué expedido después de haber servido trece años en el Departamento de Educación por puesto creado por la Asamblea Legislativa de la isla y nueve y medio como Tesorero de la Universidad, habiéndosele pagado su pensión mensualmente hasta junio 30, 1936, y como inquiriera el porqué del cese, el Secretario de la Junta le contestó:

". . . I am sorry to inform you that the Supreme Court of Puerto Rico has held that employees of the University of Puerto Rico are not covered by our Pension Law and all contributions made by officials and employees of the University have been reimbursed.

Under that same ruling 'we hold that all pensions enjoyed by University officials and employees are illegal, so we have stopped the payment of such pensions accordingly. However, we shall inform you in this respect when the matter is definitely settled. . ? . ''

Que en noviembre siguiente, dirigió a la Junta una comunicación que en parte dice:

"' . . . This request is based upon the following reasons:

"1.—According to the Secretary of that board the suspension of payments in my case is based upon a ruling by the board that, in view of a recent decision of the Supreme Court . . .

"2.—My pension was granted by that board as constituted in the year 1928, in accordance with the pension act as interpreted by the officials of said board at that time. Moreover, this interpretation was supported by the Attorney General of Puerto Rico through an opinion requested of him. I can not justly be held responsible for, and made the victim of, the mistakes of the authorities that decided my retirement case.

"3.—Due weight should be given to the fact that, of the twentyone years and eight months spent in the Civil Service of Puerto Rico, my term of service under the University was a little over nine years; under the Department of Education more than twelve years. . . .''

Que la Junta archivó dicha comunicación sin tomar acción sobre ella, y que dicho organismo carece de facultad para cancelar su pensión por los siguientes fundamentos:

Porque el demandante recibía su pensión al amparo de la Ley núm. 104 de 1925; porque la sección 11 de la Ley núm. 23 de 1935, dispone: "... Cada uno de los funcionarios y empleados del Gobierno Insular de Puerto Rico que, antes de entrar en vigor esta Ley, hubiere sido retirado o cuya solicitud de pensión hubiere sido resuelta favorablemente de acuerdo con las disposiciones de las Leyes núms. 22 de 22 de septiembre de 1923 y núm. 104 de 2 de septiembre de 1925, tal como fué enmendada...tendrá derecho a recibir la renta vitalicia que le fué originalmente asignada menos un descuento que se computará en la forma siguiente...''; porque la dicha Ley núm. 23 de 1935 no confiere a la Junta de Retiro

que crea por su sección 16 facultades para suspender pensiones otorgadas por Juntas creadas por leyes anteriores, ni para revocar pensiones existentes; porque según lo resuelto por la Corte Suprema de la Isla en el caso de *Fernández Toste* v. *Junta,* 52 D.P.R. 899, después que una pensión ha sido concedida y se ha empezado a disfrutar, el derecho a la misma se convierte en un derecho adquirido del que no puede privarse al pensionado en todo ni en parte, y porque la decisión de la propia Corte Suprema en el caso de *Maura* v. *Junta,* 49 D.P.R. 860, no es aplicable porque la pensión del demandante se concedió por la Junta con poder para ello, y de haberse cometido algún error de derecho no puede perjudicarle.

Expedido el auto en forma alternativa, contestaron, los demandados alegando en primer término que la demanda no aducía hechos constitutivos de causa de acción y luego admitieron la mayor parte de sus hechos, negando que los nueve años y medio de servicios del demandante como Tesorero de la Universidad pudieran utilizarse legalmente para añadirlos al cómputo de años de servicios que requería la ley para conceder la pensión por años de servicio y alegando además que el cómputo hecho con la agregación de dicho tiempo para conceder la pensión al demandante no establece la base necesaria para ello. También negaron que carecieran de facultad para actuar en la forma en que lo hicieron y alegaron que el peticionario venía recibiendo su pensión en contra de la ley, careciendo la Junta de facultad para seguirla satisfaciendo.

Como materia de defensa alegaron:

A.—Que el demandante fué nombrado Tesorero de la Universidad en agosto 21, 1918, renovándose el nombramiento cada año consecutivamente hasta su renuncia para retiro, lo que de hecho constituía un contrato de servicios a prestarse anualmente, y que el demandante no ha servido al Gobierno

Insular, en ninguna otra capacidad, el número de años que se necesita para derivar una pensión por razón de años de servicios; y

B.—Que el demandante habiendo contribuído a la Junta de Pensiones con la suma de trescientos veinte dólares, ha recibido de la Junta alrededor de doce mil en contra de las disposiciones de la ley.

De su hoja de servicios presentada en evidencia durante la vista, aparece que el demandante comenzó a ejercer como maestro en San Juan en septiembre 29, 1902, con un sueldo de ciento once dólares y once centavos mensuales, y así continuó hasta 1908 en que fué al Departamento de Educación. Trabajó allí hasta 1917 con un sueldo que osciló entre mil doscientos y mil quinientos dólares anuales. En 1917 se le nombró Tesorero de la Universidad, cargo que desempeñó hasta 1927. Al nombrársele, su sueldo era de dos mil dólares anuales, al retirarse de tres mil ochocientos.

Bien puede decirse que ya por admisión o por evidencia presentada, las verdaderas alegaciones de hecho de una y otra parte quedaron comprobadas. Sobre los hechos, pues, no hay cuestión. Es sobre el derecho aplicable que la cuestión existe. La corte sentenciadora estimó que el derecho favorecía a los demandados y dictó sentencia declarando la demanda sin lugar, con costas, sin incluir honorarios de abogado.

El demandante apeló y señala en su alegato siete errores cometidos a su juicio por la corte de distrito al resolver que el peticionario no tenía un derecho adquirido, que la Junta tuvo facultad para reconsiderar su concesión de pensión, que dicha Junta actuó sin jurisdicción al conceder la pensión, que la jurisprudencia del caso de *Olivieri* v. *Junta,* 50 D.P.R. 881, no tiene la fuerza de un precedente legal, que siendo el cometido un error de derecho no obligaba a quien lo cometió, que la Junta pudo actuar en la forma en que lo hizo sin citar para vista al demandante, y al dictar su sentencia.

Argumenta luego el apelante dichos errores en su alegato ampliamente y los demandados los impugnan en el suyo ampliamente también. Los hemos estudiado cuidadosamente y a nuestro juicio ninguno de ellos fué cometido y la sentencia apelada debe confirmarse en tal virtud.

██ La ley que regía cuando se concedió el retiro al demandante era la núm. 104 de 1925 (leyes de ese año, pág. 951). Su sección 8 exigía para la clase de retiro a que se acogió el demandante veinte años de servicios computados en la forma que prescribe su sección 2. Si los servicios prestados por el demandante en la Universidad de Puerto Rico podían tomarse en consideración, entonces la Junta tuvo base para conceder la pensión. Si no, actuó sobre una base inexistente.

Y es a este respecto que debe tomarse en consideración lo resuelto por esta Corte en el caso de *Maura* v. *Junta,* 49 D.P.R. 860.

Dicho caso fué iniciado por una persona que como el demandante en éste tenía un cargo administrativo en la Universidad de Puerto Rico y era nombrado por su Junta de Síndicos año por año, alegando no estar obligado a contribuir con parte alguna de su sueldo al Fondo de Retiro de los Empleados. Permanentes del Gobierno Insular por los siguientes motivos:

"1.—Porque el demandante, como *Registrar* de la Universidad de Puerto Rico, no está incluído ni en el Servicio Clasificado ni en el no clasificado, de acuerdo con las disposiciones de la Ley de Servicio Civil de Puerto Rico (Ley núm. 88 de marzo 11, 1931).

"2.—Porque el demandante, como tal *Registrar,* no desempeña sus funciones con carácter *permanente,* según lo requiere la sección 1 de la ley creadora del fondo de retiro y pensiones, o sea la ya citada Ley núm. 104 de 2 de septiembre de 1925.

"3.—Porque el demandante no es un empleado del Pueblo de Puerto Rico, según lo requiere la ley del fondo de pensiones, y sí un empleado de carácter contractual (*contractual employee*) de la Universidad.''

La Junta de Pensiones que fué la demandada alegó que el *registrar* era un empleado permanente y estaba incluído en el Servicio Civil Clasificado. Actuó congruentemente con el criterio que hasta entonces sirvió de guía a sus actos, con el criterio que la llevó a conceder en 1928 la pensión del demandante.

Fué el pleito a juicio y la corte de distrito lo decidió en contra de la Junta. Apeló y esta Corte Suprema declaró sin lugar la apelación, estableciendo en su opinión la siguiente jurisprudencia que tomamos del resumen:

"No siendo el *Registrar* de la Universidad de Puerto Rico un funcionario o empleado permanente del Gobierno de Puerto Rico incluído dentro del servicio clasificado o no clasificado del Servicio Civil de dicho Gobierno, sino un empleado contractual de la Universidad, no viene obligado a contribuir al fondo de retiro creado por la Ley núm. 104 de 1925 (pág. 949)."

La decisión del caso de *Maura,* supra, tuvo el efecto, dado nuestro sistema de gobierno, de trascender a todos los funcionarios que se encontraban en las mismas condiciones, ajustando la Junta su conducta desde entonces a la norma en él trazada. De ahí la resolución que tomara en cuanto al caso del demandante.

Creemos que es tan claro en esta jurisdicción después de lo decidido en el repetido caso de Maura, supra, que los servicios prestados por el demandante en la Universidad no pudieron servir de base para completar el término de veinte años que la ley exigía para el retiro con pensión, que no cabe ni siquiera ponerlo en tela de juicio.

Se insiste, sin embargo, en que aunque ello sea así y aunque su adquisición se debiera a un error de derecho, es lo cierto que el demandante tiene en la actualidad un derecho adquirido del cual no puede ser despojado y por tanto que la Junta no estuvo justificada en su actuación. Se invocan los casos de *Fernández* v. *MacLeod,* 52 D.P.R. 899 y *Travieso* v. *Junta,* 52 D.P.R. 921.

Es cierto que en dichos casos se resolvió que el derecho de una persona a recibir una pensión luego de haberse jubilado, es un derecho adquirido, pero en ellos no se trataba como en éste de casos en que la pensión se hubiera concedido por la Junta actuando sin autoridad. Aquí la pensión fué nula en su origen y no puede, por tanto, convalecer por el transcurso del tiempo.

En cuanto al error de derecho creemos, como dice la corte sentenciadora en su relación del caso y opinión, que "sería muy pertinente a este caso si en vez de una acción de *mandamus* establecida por el peticionario para restablecer su pensión, se tratase de una acción de la Junta para recobrar el retiro erróneamente pagado y recibido por el pensionado. Es claro que en este último caso la Junta no podría recobrar lo pagado por error de derecho, pero nada le impide que advertido el error rehuse hacer nuevos pagos."

Y en cuanto a la cita del caso de *Olivieri* v. *Junta,* 50 D. P.R. 881, no la consideramos aplicable del todo por tratarse de situaciones distintas. Aquí en verdad la Junta no reconsideró su juicio a virtud de un nuevo estudio del caso. Su actuación se debió a una decisión judicial que dejó sin base su anterior resolución. La pensión era algo que se renovaba mes tras mes. Y no pudo continuar renovándose después de haber quedado esclarecido y resuelto por los tribunales su ilegalidad. Lo pasado queda en pie, pero para seguir actuando en el presente y en el futuro del mismo modo carecía de autoridad legal la Junta. Su actuación no podía ser otra que la de negarse como se negó a seguir satisfaciendo la pensión.

A virtud de todo lo expuesto y tratándose como se trata además de un auto de *mandamus,* creemos que el criterio sustentado por la Corte de Distrito de San Juan al negar su expedición final debe sostenerse. Como se dice en el caso de *Godwin* v. *Telephone & Telegraph Co.,* 1 Ann. Cases, págs. 203, 204:

"Está bien establecido que no procede un auto de *mandamus* para compeler la ejecución de actos ilegales contrarios a la política pública o tendentes a auxiliar un propósito ilegal."

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Hutchison y De Jesús no intervinieron.